Mohammed Ali Abdulrab MOKBEL,
Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, and United States Department of Homeland Security, Respondents.

No. 03–41243–AG.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2006.

Mark T. Kenmore, Buffalo, New York, for Petitioner.

J. Edgar Schmutzer, Assistant United States Attorney (Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, on the brief), Knoxville, Tennessee, for Respondents.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the decision of the Board of Immigration Appeals, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Mohammed Ali Abdulrab Mokbel ("Mokbel"), through counsel, petitions for review of the December 4, 2003 order of

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

the Board of Immigration Appeals ("BIA") dismissing his appeal of the March 15, 2002 decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

In its decision, the BIA disagreed with the IJ's adverse credibility finding, but held that Mokbel "was simply swept up in the government's effort to defeat the separatist movement ... [and that] harm arising from general civil strife does not amount to persecution within the meaning of the Act." We review *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (internal quotation marks omitted).

Here, Mokbel was captured at a military compound by an invading army and was detained and interrogated. While he was in prison, the authorities beat Mokbel with rubber batons, doused him with cold water, poked him with the tips of bayonets, burnt him with cigarettes, attempted to pull out his fingernails, broke his finger, and kept him in shackles. As Mokbel was confirmed to be the commanding officer of the South Yemeni forces, it is clear that the North Yemeni government perceived him as a political opponent. Additionally, the questions that Mokbel was asked in prison illustrate the interest the authorities had in his political affiliation. Furthermore, there is no evidence in the record to indicate that Mokbel was charged with a crime or subject to any kind of judicial process despite his lengthy detention. The State Department reports and other country condition reports in the record support Mokbel's claims that the gov-

ernment arrested, detained, and abused citizens suspected of political opposition and those critical of the government.

In light of the foregoing, we find error in the BIA's determination that Mokbel was not persecuted on account of his political opinion. *See, e.g., In Re S–P–,* 21 I. & N. Dec. 486, 1996 WL 422990 (BIA 1996).

The BIA also found Mokbel did not possess a well-founded fear of persecution in light of the fact that Mokbel avoided capture in Yemen from 1994 to 1997. However, because Mokbel's past persecution on account of his political opinion gives rise to the rebuttable presumption that he has a well-founded fear of persecution under 8 C.F.R. § 208.13(b)(1), we remand the case to the BIA to determine whether the record sufficiently rebuts his well-founded fear presumption.

Finally, as the BIA did not adopt the IJ's determinations regarding Mokbel's withholding of removal and CAT claims, nor did it make its own determinations regarding these claims, we instruct the BIA to consider these claims on remand.

Accordingly, Mokbel's petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.